SHORES, Justice.
R. 0. Darby, Sr., was a resident of South Carolina and died February 28, 1978, and his will was admitted to probate in South Carolina on March 1, 1978.
Bagwell, acting as a creditor under authority of Code 1975, § 43-2 — 42, secured his appointment in Marshall County, Alabama, as Administrator with Will Annexed on January 23, 1979.
On February 26, 1979, Tighe, the Executor appointed in South Carolina, secured to himself Ancillary Letters Testamentary in Jefferson County, Alabama.
Bagwell removed the Marshall County administration to the Circuit Court of Marshall County on April 18, 1979.
Bagwell filed motion asking that Tighe be ordered to cease and desist from administration of the estate of Darby in Probate Court of Jefferson County, Alabama.
Tighe filed petition asking that the administration begun by Bagwell be dismissed and also an answer admitting all allegations of Bagwell’s petition except paragraph 3, which was an averment of the applicable law.
Bagwell filed a motion for judgment on the pleadings and gave notice to Tighe that the motion would be called to the attention of the Court on August 6, 1979.
On August 3, 1979, Tighe filed a motion that Bagwell’s motion for judgment on the pleadings be set for a hearing.
*1262 On August 9, 1979, the Court gave Tighe’s attorney to August 17, 1979, to file the authorities on which he relied for his contention that Bagwell’s motion should not be granted.
Relying on Code 1975, § 43-2-48, the Court, on August 16, 1979, entered an order restraining Tighe from proceeding with the administration of Darby’s estate in Jefferson County.
Tighe appealed from this order. We affirm.
The only issue presented is one of law and is controlled by the express provisions of Code 1975, § 43-2-48:
“Letters testamentary or of administration and letters to a special administrator or to any general administrator, sheriff or coroner, granted by any court having jurisdiction, are conclusive evidence of the authority of the person to whom the same are granted, from the date thereof until the same are revoked; and, when granted, such letters exclude the probate court of every other county from the jurisdiction thereof and extend to all the property of the deceased in the state. (Code 1852, § 1693; Code 1867, § 2014; Code 1876, § 2376; Code 1886, § 2034; Code 1896, § 77; Code 1907, § 2530; Code 1923, § 5752; Code 1940, T. 61, § 87.)”
Under this statute, Marshall County’s jurisdiction, which attached first, is exclusive.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.